**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**PHILLIP RASMUSSEN**                                                                    **PETITIONER**

**VS.**                                           **CASE NO. 5:09CV00008 BSM/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                                  **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

> Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Philip Rasmussen, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Rasmussen was convicted following a 2007 jury trial of second-degree battery. He was deemed an habitual offender and sentenced to a term of fifteen years. On June 25, 2008, the Arkansas Court of Appeals affirmed the convictions. *Rasmussen v. State*, 2008 WL 2515404 (Ark. App.)(2008). On his direct appeal, the petitioner contended the evidence was insufficient to prove that he purposely caused the victim's injuries, that evidence of his state-of-mind improperly was suppressed, and that the trial court erred in admitting x-rays into evidence.

In the petition now before the Court, the following grounds for relief are advanced:

1. Petitioner is actually innocent;

      2.      A courtroom bailiff and a sheriff's deputy twice improperly entered the jury room during deliberations to play a videotape of the altercation between Rasmussen and the victim;

      3.      There was insufficient evidence of second degree battery in that there was no weapon and the victim did not suffer a serious bodily injury; and

      4.      He was improperly convicted as an habitual offender.

The respondent contends that grounds two, three, and four are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. The respondent concedes that the petitioner challenged the sufficiency of the evidence on direct appeal, but urges that he did not advance either of the sufficiency challenges he now mounts. By previous Court Order, the petitioner was notified that dismissal of these grounds was possible due to the apparent procedural default. Mr. Rasmussen was further notified of his opportunity to explain why these claims should not be dismissed, and he has filed a pleading to this effect. We will first address the procedural default issue as it pertains to grounds two, three, and four, and then proceed to address the merits of the claims properly before the Court.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and

prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his explanatory pleading filed with the Court (docket entry no. 10), Mr. Rasmussen claims that his trial attorney and his attorney on direct appeal were ineffective. Specifically, he claims his trial attorney had a conflict and his appellate attorney never met with him in person. Although he specifies his attorneys' ineffectiveness as cause for his procedural failure, the record does not reflect that Mr. Rasmussen raised his claims of ineffectiveness in state court. The respondent notes that the docket sheet in Mr. Rasmussen's case does not show that he filed a Rule 37 petition in state court, the vehicle by which ineffective assistance of counsel claims are raised. Mr. Rasmussen does not dispute this statement. In his explanatory pleading, the petitioner includes a copy of a "Motion for Transcript for Rule 37 Proceedings" with a file mark of August 13, 2008. Also included is a copy

of an August 13, 2008, motion to proceed *in forma pauperis*. The petitioner has not submitted a Rule 37 petition, and we find no evidence that a Rule 37 petition was filed in state court. This poses a problem for Mr. Rasmussen.

> Ineffective assistance of trial or appellate counsel may be cause excusing a procedural default. *See Murray v. Carrier,* 477 U.S. 478, 491-92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court. *See Edwards v. Carpenter,* 529 U.S. 446, 450-53, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Tokar v. Bowersox,* 198 F.3d 1039, 1051 n. 13 (8th Cir.1999), *cert. denied,* 531 U.S. 886, 121 S.Ct. 204, 148 L.Ed.2d 143 (2000).

*Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). Here, the petitioner did file a Rule 37 petition and thus did not present the state courts with the opportunity to address his claims of ineffective assistance of counsel. Having failed to pursue the claims in state court, he cannot now use those same claims to establish cause for his procedural lapse in state court. As a result, we hold that Mr. Rasmussen's allegations of ineffective assistance of trial counsel and appellate counsel do not amount to cause for his failure to pursue claims two, three, and four in state court.

In addition to citing ineffective assistance of counsel, the petitioner also urges other factors as contributors to his failure to raise his claims in state court. These claims, however, are simply allegations of trial errors. For example, the petitioner claims that Lieutenant Weaver, a witness at the trial, lied. In addition, the petitioner claims that another witness, Dr. Tulles, lied. A challenge to the credibility of witnesses does not amount to a showing of cause in the procedural default equation. Even if we were to assume a witness lied at trial, it does not follow that this event somehow prevented the petitioner from advancing grounds two, three, and four in state court. There is no merit to the claims that trial errors amounted to cause for the procedural

default of the claims.

Finally, Mr. Rasmussen argues that he is actually innocent of second degree battery. The Supreme Court guides our consideration of such a claim:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Rasmussen; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. In this instance, Mr. Rasmussen does not offer new reliable evidence. Instead, he argues that the evidence adduced at trial was not trustworthy, or that witnesses lied. For example, he argues that he did not hit the victim hard enough to break his jaw[1]. These arguments fall far short of establishing actual innocence under the *Schlup v. Delo* standard.

In summary, grounds two, three, and four were not raised in state court. Mr. Rasmussen has not demonstrated cause and prejudice for failing to raise the claims in state court, nor has he shown his actual innocence. As a result, we find these claims are not properly before this Court

---

[1] The Arkansas Court of Appeals, in their opinion on direct appeal, commented on this allegation: "In this case a video tape, authenticated and viewed by the jury, depicted appellant striking Johnson [victim] in the jaw. Johnson testified that his jaw was broken in four places by one punch. Appellant argues that there was insufficient evidence to support the jury's conclusion that appellant purposely broke Johnson's jaw; however, the State was merely required to prove that appellant "purposely" engaged in conduct that would, by its nature, result in physical injury." 2008 WL 2515404 (Ark. App.) (June 25, 2008).

and recommend that they be dismissed as procedurally barred.[2]

We now turn to claim one, the assertion that the petitioner is actually innocent. Although titled as an argument of innocence, the petitioner is actually arguing that the trial court erred in allowing the jury to view the video tape of the incident. If we address this as a claim of actual innocence, we note that a separate or freestanding claim of actual innocence is not a path to habeas corpus relief. The Eight Circuit Court of Appeals has "squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent. '[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Meadows v. Delo,* 99 F.3d 280, 283 (8th Cir.1996) (quoting *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))." *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002). The final claim of Mr. Rasmussen, if construed as a claim of actual innocence, is therefore without merit.

If we construe the claim as a challenge to the trial court allowing the jury to view the video tape, the claim is also without merit. This claim was not raised on direct appeal and is procedurally defaulted.

---

[2] Ground three, that there was insufficient evidence of second degree battery in that there was no weapon and the victim did not suffer a serious bodily injury, is somewhat similar to a claim raised on direct appeal, that the evidence was insufficient to prove Rasmussen purposely caused the victim's injuries. We find that these claims are separate claims. If, out of an abundance of caution, we were to presume the claims were the same, the petitioner is still not entitled to relief, as he must demonstrate that a claim decided on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). *See also Penry v. Johnson*, 532 U.S. 782, 792-93. Mr. Rasmussen does not make such a showing.

In summary, we find that ground one is without merit, and grounds two, three, and four are not properly before the Court and are procedurally barred. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this  10   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE